**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MEGAN D., Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, Defendant | : | NO. 26-3095 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE October 2, 2026

Megan D. ("Plaintiff") seeks judicial review, for the third time, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted and the case is remanded to the Commissioner solely for the calculation and award of benefits.

## I. PROCEDURAL HISTORY[1]

In early 2014, Plaintiff applied for DIB and SSI, alleging disability that commenced on December 15, 2011. Pl. Br. at 1.[2] The claim was denied; therefore, Plaintiff requested a hearing. *Id.* On March 17, 2016, Plaintiff appeared for a hearing, before George C. Yatron, Administrative

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of her Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply to Defendant's Response to Request for Review of Plaintiff ("Reply"), and the administrative record. ("R.").

[2] The court employs the PDF pagination employed by the Clerk of Court, because the first page of Plaintiff's brief is unnumbered and the second page is numbered page one.

Law Judge ("ALJ Yatron"). Pl. Br. at 2. On April 12, 2016, ALJ Yatron, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. Pl. Br. at 2. After the Social Security Administration's Appeals Council denied review, Plaintiff sought judicial review in this court. Pl. Br. at 2. On March 13, 2019, the court remanded the case for further review. Pl. Br. at 2.

A second, telephonic hearing was held before ALJ Elana Hollo ("ALJ Hollo"), on June 23, 2020. Pl. Br. at 2. Applying the SEP, ALJ Hollo denied benefits, on July 6, 2020. *Id.* This time, the Appeals Council remanded the case to ALJ Hollo, on October 7, 2022. Pl. Br. at 2. ALJ Hollo held a third, telephonic hearing, on February 9, 2023; Plaintiff, represented by counsel, a vocational expert, and a medical expert ("the ME") testified. Pl. Br. at 2; R. 694-724. At this hearing, Plaintiff amended her alleged period of disability to start on December 15, 2011 and end on April 1, 2022, when she resumed working. Pl. Br. at 2. ALJ Hollo, applying the SEP, again

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

found that Plaintiff was not disabled, on February 27, 2023. Pl. Br. at 2 (citing R. 617-47). The Appeals Council denied review, on February 28, 2024. Pl. Br. at 2 (citing R. 607-14).

Once more Plaintiff sought judicial review; this court reversed and remanded, in an opinion dated February 7, 2025. Civ. A. No. 24-1807, Document No. 13 at 1-12 ("2025 Opinion"). In doing so, the court found that ALJ Hollo had erred by failing to explain adequately why she did not accord controlling weight to the opinions of treating physician Harold Heckman, M.D. 2025 Opinion at 9-11. In particular, the court noted that Dr. Heckman's opinions were corroborated by those of consultative examiner Christina Ryser, Ph.D. *Id.* at 11. Those corroborated opinions, concerning marked limitation in many areas of mental functioning and absenteeism of at least two days per month, would preclude the performance of all work. *Id.*

Upon remand, administrative law judge Luke Woltering ("the ALJ"), held a new hearing, on October 9, 2025; at that time, a new vocational expert, Eric Dennison ("the VE") testified. The ALJ, applying the SEP, issued an unfavorable decision, on October 29, 2025. R. 2379-98. The Appeals Council denied review of the ALJ's decision, on March 9, 2026. R. 2264-67.

Plaintiff again seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1). As explained below, upon remand, the errors identified in the 2025 Opinion were still uncorrected. The record is fully developed, Plaintiff's claim has been pending for twelve years, and the ALJ failed to correct the errors identified in the 2025 Opinion. Accordingly, this court finds that, instead of another remand for further evaluation of the claim, the record establishes disability, based upon Dr. Heckman's corroborated limitations, and directs that case be remanded solely for the Commissioner to calculate the appropriate amount of benefits to award.

## II. FACTUAL BACKGROUND

A. Personal History

Plaintiff, born on August 17, 1985, R. 721, was 26 to 36 years old during the relevant, closed period of alleged disability. She has no past relevant work. R. 2296.

B. Plaintiff's Testimony

At the February 9, 2023 administrative hearing,[4] Plaintiff testified about her limitations. She stated that her overall condition had not changed much since the last hearing, on June 23, 2020, but her new medication regimen controlled her symptoms sufficiently to allow her to work. R. 694-95. Although Plaintiff still experienced mood swings, they were less frequent. R. 696. Her memory had not improved, but her concentration was better. R. 696.

At the June 23, 2020 hearing, Plaintiff explained that she felt helpless on a daily basis; many days she lacked motivation to get out of bed; in addition, she was very short-tempered. R. 663. Her medications contributed to her listlessness and inability to concentrate.[5] R. 664. Plaintiff, who suffers from bipolar disorder, stated that her manic periods lasted for two weeks at a time; her depressive periods could persist for months. R. 675. During manic phases, Plaintiff was agitated, irritable and angry. R. 676. During depressive periods, she felt hopeless, remained in bed for days at a time, and entertained suicidal thoughts. R. 675-76. Anxiety caused Plaintiff to avoid being in public. R. 676.

Plaintiff's concentration was so poor that she could no longer read. R. 666-67. She had difficulty completing tasks; she would stop them for no reason and not complete them. R. 667. Plaintiff tried to avoid people, because she reacted badly and confronted others for no reason. R.

[4] At the October 9, 2025 hearing, Plaintiff provided no testimony concerning the closed period of alleged disability; she simply informed the ALJ that she was working a full-time job plus a part-time job. R. 2316.
[5] Plaintiff testified that her medications caused her to fall asleep while sitting down. R. 669.

668.

Plaintiff testified that she could not perform any household chores. R. 670. Once a month, she went food shopping accompanied by her brother. R. 671. Plaintiff treated with a therapist and a psychiatrist; both were in the same office building, and within walking distance of her residence. R. 671.

C. Medical Expert's Testimony

At the February 9, 2023 administrative hearing, the ME based her testimony solely upon her review of Plaintiff's medical records. R. 697-98. Significantly, she explained that she was a psychologist, not a psychiatrist, and, therefore, could not opine with respect to the appropriateness of Plaintiff's medication regimen. R. 699. The ME did, however, opine that Plaintiff failed to meet the requirements of any mental health listed impairment and that, with respect to the four domains of mental functioning, Plaintiff had two areas of moderate limitation and two areas of mild limitation. R. 702.

The ME was asked about Dr. Heckman's 2015 opinions expressed in Exhibit 8F, which found marked limitations in several areas of mental functioning. The ME stated that she did not "necessarily disagree" with Dr. Heckman's opinions but further noted that her opinions were based upon a review of additional records not available to Dr. Heckman. R. 706-07. The ME, when asked about Dr. Ryser's 2020 opinions found in Exhibits 20F and 21F, testified that some of Dr. Ryser's diagnoses were not contained in the DSM[6] and clarified that she had access to more records than Dr. Ryser. R. 707-08. The ME conceded that the severity of Plaintiff's symptoms varied over time; hence, she would be more limited on certain days. R. 708, 711. Finally, she

[6] The ME was not asked to identify "the DSM", but the court assumes she was referring to the Diagnostic and Statistical Manual of Mental Disorders, a treatise relied upon by mental health providers to diagnose mental health conditions.

refused to opine about whether, during the relevant period, Plaintiff would have been able to show up for work reliably. R. 718.

D. Vocational Testimony

At the October 9, 2025 administrative hearing, the ALJ asked the VE to consider a person of Plaintiff's age and education; limited to medium[7] work; capable of understanding, remembering and carrying out simple instructions; able to concentrate sufficiently to perform simple tasks; unable to perform tasks with a specific production rate pace, such as assembly line work or hourly production quotas; able to use judgment to make occasional, simple, work-related decisions; able to tolerate occasional changes in a routine work setting; able to interact occasionally with coworkers, supervisors and the public; and unable to perform tandem tasks. R. 2317-18. The VE identified the following unskilled[8] jobs this person could perform: (1) linen room attendant (64,000 positions nationally); (2) marker (55,000 positions nationally); and (3) cleaner II (31,000 positions nationally). R. 2318. The VE further opined that employers would not tolerate an employee missing more than one day of work per month or being off task for more than 10% of the workday. R. 2318-19. The VE then identified the sources for his testimony concerning the availability of jobs. R. 2319-20.

Plaintiff's attorney inquired whether a person could work, if: (1) for more than one-third of the time, they were unable to maintain attention and concentration for extended periods; (2) were unable to perform activities within a schedule, (3) were unable to be punctual; or (4) were unable perform at a consistent pace without unreasonably frequent or lengthy rest periods. R.

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[8] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. §§ 404.1568(a), 416.968(a).

2320. The VE opined that such a person could not work. R. 2320. Next, the attorney asked the VE if a person could work if they had moderate limitation, meaning one-third of the workday, the person could not ask simple questions, request assistance, accept instructions, respond appropriately to criticism from supervisors, or get along with coworkers without distracting them. R. 2320-21. Again, the VE opined that these limitations would preclude all work. R. 2321.

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2028.
>
> 2. [Plaintiff] did not engage in substantial gainful activity between December 15, 2011, the alleged onset date, and April 1, 2022 (20 CFR 404.1572 *et seq.* and 416.971 *et seq.*).
>
> 3. During the requested closed period, [Plaintiff] had the following severe impairments: major depressive disorder; bipolar disorder I; bipolar II; anxiety disorder; obesity; and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. During the requested closed period, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that, [Plaintiff] had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: could understand, remember and carry out simple work instructions and could sustain concentration to perform simple tasks; could not perform tasks with a specific production rate pace, such as assembly line work or hourly production quotas; could use judgment to make occasional simple work-related decisions; could deal with occasional changs in a routine work setting; and could interact

occasionally with coworkers, supervisors, and the public performing job duties that do not involve tandem tasks.

6. [Plaintiff] has no past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on August 15, 1975 and was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] could have performed during the requested closed period (20 CFR 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from December 11, 2011, through April 1, 2022 (20 CFR 404.1520(g) and 416.920(g)).

R. 2282-83, 2285, 2296-97.

## IV. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation

omitted). While substantial evidence constitutes more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past

employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process for the closed period at issue, the ALJ determined that, although Plaintiff had no past relevant work, she could have performed other unskilled, medium jobs that existed in the national economy and, hence, was not disabled. R. 2379-98. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) improperly weighing favorable medical opinion evidence and, therefore, improperly determining her mental residual functional capacity ("RFC"); and (2) improperly weighing her testimony concerning her symptoms. Pl. Br. at 3-23. The Commissioner counters that Plaintiff's arguments lack merit. Resp. at 1-18. This court finds that Plaintiff's request for review should be granted, based upon her first argument; hence, it is unnecessary to consider the second argument.

Opinions of Drs. Heckman and Ryser

Plaintiff argues that the ALJ committed reversible error, because she failed to afford controlling weight to the disabling opinion of treating psychiatrist, Harold Heckman, M.D., which was corroborated by consultative psychologist, Christina Ryser, Ph.D. Pl. Br. at 3-19. This court finds that the ALJ failed to comply with this court's remand directive; hence, his decision erroneously fails to afford controlling weight to Dr. Heckman's corroborated opinion. When controlling weight is afforded Dr. Heckman's opinion, Plaintiff is disabled. Consequently, this court concludes that remanding the case again to allow the ALJ to correct a repeated error is

unjustified. Instead, Plaintiff was disabled during the closed period, and the case is remanded solely for the Commissioner to calculate the proper award of benefits.

Dr. Heckman prepared a Mental Impairment Questionnaire, on November 14, 2015. R. 567-571.[9] He treated Plaintiff beginning on February 6, 2015 and monthly thereafter. R. 567. Significantly, he opined that Plaintiff had marked limitation in the ability to understand and remember one-to-two step instructions and that Plaintiff would miss two to three days of work per month. R. 570-71. The VE opined that the predicted level of absenteeism would preclude all work. R. 2318.

Dr. Ryser completed a Mental Impairment Questionnaire (Exhibit 20F), on June 10, 2020. R. 2229-33. She disclosed that she examined but never treated Plaintiff; instead, the doctor evaluated Plaintiff's condition. R. 2299. Dr. Ryser opined that Plaintiff had marked limitation in most areas of mental functioning and moderate limitation in maintaining concentration and attention. R. 2232. Significantly, she opined that Plaintiff would miss more than three days of work per month. R. 2333. The VE opined that the level of absenteeism Dr. Ryser predicted would preclude all work. R. 2318.

If accepted, either Dr. Heckman or Dr. Ryser's opinions would render Plaintiff disabled. Furthermore, because Dr. Heckman was a treating physician, his opinion would be given controlling weight, if the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with the other substantial evidence in [Plaintiff's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).[10] A treating source's opinion is "well-supported" even if it is not directly supported by all the medical evidence in the

[9] The record contains two copies of the last page of Dr. Heckman's Questionnaire, which is Exhibit 8F. The court will only cite the first of the two, which is found at 567 to 571 of the administrative record.
[10] Because Plaintiff filed her claim before March 27, 2017, these regulations, rather than newer ones, apply to this case.

record; it is "not inconsistent with other substantial evidence" in the record even if some evidence in the record is inconsistent with it. Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *3. Notably, SSR 96-2p construes the standard for controlling weight so that the burden on Plaintiff is not heavy.

The ALJ explicitly considered some of Dr. Heckman's opinions and afforded them some weight. R. 2290-91. However, the ALJ failed to mention Dr. Heckman's opinion on absenteeism, and he failed to acknowledge that this opinion was corroborated by Dr. Ryser.[11] *See* R. 2290-91. Last year, this court specifically noted that Dr. Ryser's corroboration was relevant to deciding whether Dr. Heckman's opinion was entitled to controlling weight. 2025 Opinion at 11. Indeed, Dr. Ryser's corroboration renders Dr. Heckman's opinion well-supported. SSR 96-2p, 1996 WL 374188, *3. Furthermore, Dr. Ryser's corroborating opinion suggests that Dr. Heckman's opinion is not inconsistent with the other substantial evidence in the case record. *Id.* Indeed, this court previously highlighted the fact that the ME did not disagree with the opinions of Dr. Heckman. 2025 Opinion at 11. Notably, the ME refused to opine concerning Plaintiff's potential absenteeism during the relevant, closed period. R. 718. These facts indicate that the ME's opinions are not inconsistent with Dr. Heckman's absenteeism opinion and his opinion is not inconsistent with other medical evidence in the record. SSR 96-2p, 1996 WL 374188, *3. Upon remand, the ALJ did not mention these facts, despite affording great weight[12] to the ME's opinions. R. 2291. In short, the ALJ's decision is indefensible; he ignored this court's remand opinion and failed to apply properly the governing regulations and ruling.

---

[11] When considering Dr. Ryser's opinions, R. 2293-94, the ALJ mentioned her absenteeism opinion, R. 2293, but failed to acknowledge that it is corroborated by Dr. Heckman's opinion; he also fails expressly to accept or reject Dr. Ryser's absenteeism opinion. *See* R. 2294.

[12] The ALJ's decision to afford more weight to the ME's opinions than those of Drs. Heckman and Ryser was erroneous as well because, unlike the ME, they treated or examined Plaintiff. 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).

When a court reverses an ALJ's decision under 42 U.S.C. § 405(g), the case may be remanded for another hearing, or to direct an award of benefits. *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 353, 357-58 (3d Cir. 2008) (citation omitted). A court should award benefits only if the administrative record is complete, substantial evidence indicates that the claimant is disabled, and the claimant's case has been delayed due to factors beyond their control. *Id.* at 358.

Herein, the record is fully developed, inasmuch as the case involves a closed period, from December 15, 2011 to April 1, 2022, the record contains substantial evidence that Plaintiff is disabled, and she has endured a twelve year delay not of her own making; this delay exceeds those which the Third Circuit has found compelling. *See Brownawell*, 554 F.3d at 358 (citing cases where delays amounting to five and ten years were sufficient to weigh in favor of granting benefits). In *Brownawell*, the court considered an eight-year delay, coupled with two administrative hearings and two district court appeals. *Id.* Plaintiff has endured four administrative hearings, three district court remands and more than twelve years of delay. Under these circumstances, to afford the Commissioner yet another opportunity to correct his prior errors would cause an unfair delay. Instead, the case is remanded solely for the Commissioner to calculate the proper award of benefits.

An implementing order and order of judgment follow.